BENJAMIN B. WAGNER
United States Attorney
LYNN TRINKA ERNCE
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2720

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HELM,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES POSTAL SERVICE, *et al.*,<br><br>    Defendants. | Case No. 2:11-cv-01703 MCE EFB<br><br>***EX PARTE* APPLICATION FOR AN ORDER EXTENDING THE TIME FOR DEFENDANTS TO RESPOND TO COMPLAINT; DECLARATION OF LYNN TRINKA ERNCE; ORDER** |

The United States of America respectfully requests that the Court enter an order granting defendants a 60-day extension of time to respond to plaintiff's complaint. In support of this *ex parte* application, the United States respectfully represents as follows:

1.  Plaintiff filed his complaint for damages against the United States Postal Service ("USPS") and USPS employee Jay Negus, on June 23, 2011. Docket 1. Plaintiff's claims relate to a motor vehicle accident that occurred on June 24, 2009.

2.  On January 23, 2012, the Court issued an order to show cause in writing why the case should not be dismissed and ordered plaintiff to respond within ten days. Docket 6.

3.  On February 2, 2012, plaintiff filed a response to the order to show cause. Dockets 7, 8. In his response, plaintiff disclosed that, in addition to his claim against the defendants in this case:

- Plaintiff had sued defendant Negus in state court for damages related to the June 24, 2009 accident and reached a settlement which purports to preserve plaintiff's claims against Negus and the USPS in federal court;

Ex Parte Application For Extension Of Time To Respond
To Complaint; Ernce Declaration; Order

1

- There is a pending criminal case against defendant Negus in state court related to the June 24, 2009 accident;

- Plaintiff also sued the owner of the property that plaintiff allegedly drove onto on June 24, 2009, when he veered onto the property to avoid a collision, because the landowner applied a substance to the road and shoulder that caused plaintiff to be unable to slow his vehicle;

- Plaintiff obtained a default judgment against the landowner which was set aside in December 2011, and the set-aside order is presently on appeal; and

- The landowner filed a cross-complaint against Negus and USPS in state court.

4. On February 24, 2012, the Court ordered parties to file a joint status report by no later than March 23, 2012. Docket 9.

5. On March 2, 2012, plaintiff filed a return of service which states, among other things, that he served defendant Negus with the summons and complaint on February 19, 2012, and the United States Attorney for defendant USPS on February 22, 2012. Docket 10. The docket indicates that defendants Negus' and USPS' responses to the complaint are due on April 19, 2012 and April 23, 2012, respectively.

6. On March 2, 2012, the undersigned Assistant United States Attorney ("AUSA") was assigned to handle the defense of this litigation. Declaration of Lynn Trinka Ernce ("Ernce Decl., ¶ 2). That same day, she called plaintiff's attorney to introduce herself and to speak about the case. *Id.* During the call, plaintiff's attorney offered to provide copies of all of the state court documents the following week. *Id.*

7. On March 8, 2012, plaintiff's counsel faxed a copy of the state court cross-complaint to the AUSA. Ernce Decl., ¶ 3. However, since no other state court case documents were received from plaintiff, the AUSA requested in writing copies of the case files for the original lawsuit filed by plaintiff against defendant Negus and also for the lawsuit against the landowner in which the landowner filed a cross-complaint. *Id.*

8. On March 23, 2012, plaintiff and the United States filed a joint status report. Docket 11. In the joint status report, plaintiff stated that he had disclosed informally many documents to the defense through the tort claims process and that he would make all formal disclosures by March 23, 2012. *Id.*

9. In the joint status report, the United States stated that its investigation was ongoing and that it might need an extension of time beyond April 23, 2012 to respond to the complaint so that it could

complete its investigation of matters related to the June 24, 2009 accident.  Docket 11 at 2.  Among other issues, the United States explained that it had not yet certified that the defendants were acting in the scope of employment at the time of the accident, it was still investigating the landowner lawsuit and had not determined whether it would remove that case to federal court, and that the United States had not yet determined if it would answer the complaint or move to dismiss.  *Id.*  It also took no position regarding whether the Court has jurisdiction over this action.  *Id.* at 3.

10. As of the date of this application, the AUSA has not yet received the state court documents she requested from the San Joaquin Superior Court.  Ernce Decl., ¶ 4.

11. The AUSA also has not yet received the administrative claim files from the USPS.  *Id.,* ¶ 5.  The USPS agency counsel assigned to this case is on medical leave and is unavailable to assist the AUSA.  *Id.*  USPS agency counsel's return-to-work date is uncertain at this time.  The AUSA is informed and believes that USPS agency counsel will be on leave at least through late April/early May.  *Id.*

12. Recognizing that it would not be possible to respond to the complaint by April 23, 2012 given the lack of information and agency counsel's unavailability, on April 10, 2012, the AUSA e-mailed plaintiff's counsel to request the courtesy of a 60-day extension.  *Id.*, ¶ 6.  She explained that the extension was necessary the United States needs additional time to investigate the facts and allegations and all of the related actions and issues before it can determine the appropriate response to the complaint.  *Id.*  She explained that she had not yet been able to obtain the state court pleadings from the superior court or the settlement agreement between plaintiff and defendant Negus in the original state court action.  *Id.*  Additionally, she told plaintiff's counsel that the USPS agency counsel assigned to this case is unavailable to assist with the case until at least late April/early May because of medical leave.  *Id*.  She explained that she was requesting 60 days because agency counsel's return-to-work date is unknown.  *Id.*

13. On April 11, 2012, plaintiff's counsel responded that he was not authorized to agree to a 60-day extension and suggested, among other things, that the United States file an answer to preserve its defenses.  *Id.*, ¶ 7.

14. That same day, the AUSA responded that, with agency counsel unavailable, the United States is not in a position to get any response on file by April 23, 2012 in any event.  *Id.*, ¶ 8.  She asked that plaintiff agree to a 45-day extension instead.  *Id.*

Ex Parte Application For Extension Of Time To Respond
To Complaint; Ernce Declaration; Order

3

15.     On April 12, 2012, plaintiff's attorney informed the AUSA that plaintiff refused to grant the United States any extension of time to respond to the complaint. *Id.*, ¶ 9.

16.     In light of plaintiff's refusal to grant the courtesy of any extension to the United States, the AUSA informed plaintiff's attorney on April 12, 2012 that she would seek leave of court for a 60-day extension of time in which to respond to the complaint. *Id.*, ¶ 10.

17.     Plaintiff's counsel provided the AUSA with a copy of the settlement documents from plaintiff's original lawsuit against defendant Negus on April 12, 2012. *Id.*, ¶ 11. Besides the settlement documents and the cross-complaint, the AUSA has not received any other documents from plaintiff to date. *Id.*

18.     On April 13, 2012, the Court entered a minute order requiring the parties to file a further joint status report by no later than May 23, 2012. Docket 12.

## ARGUMENT

### The Court Should Extend The Time For Defendants To Respond To The Complaint

Under Local Rule 144(c), the Court may, in its discretion, grant an *ex parte* request for extension of time to respond to a complaint "upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained, and the reasons why an extension is necessary." As set forth above, the requirements for *ex parte* relief are met here.

This is not an ordinary auto accident case. In addition to this lawsuit, there are at least three other actions related to the June 24, 2009 incident: plaintiff's original lawsuit against defendant Negus which the parties settled and purported to carve out from the settlement plaintiff's claims against the United States; plaintiff's lawsuit against the landowner and a related cross-action and appeal; and a criminal proceeding against defendant Negus.

There are multiple issues that the United States must investigate and analyze before it can determine how to respond to plaintiff's complaint including, but not limited to, whether to certify scope of employment for the defendants; the effect, if any, of the settlement and purported carve-out of claims against the United States; whether additional parties need to be added to this litigation; and whether to remove the state court cross-action to this Court. The United States' investigation has been hampered to date by the inability to gather necessary documents and information about these matters. Additionally,

the AUSA handling this case has not yet received the files from the administrative tort claims process, and the USPS agency counsel assigned to this case is unavailable to assist with the case because she is on medical leave for an unspecified period of time.

Under these circumstances, the United States will not be in a position to file any response to the complaint by the current April 23, 2012 deadline, and it requests a 60-day extension of time to respond. Since one issue that the United States is investigating relates to certification of scope of employment of defendant Negus, the United States believes that defendant Negus should likewise receive a 60-day extension to respond. If the United States determines through its investigation that it will certify that defendant Negus was acting in the scope of his federal employment at the time of the June 24, 2009 incident, then the United States will substitute itself in as defendant in the place of defendant Negus and he will not need to respond to the complaint. Thus, it makes sense for the Court to extend the response deadline for both defendants to the same date, and the United States requests that the Court do so.

A stipulation extending time cannot be reasonably obtained because plaintiff has refused to agree to any extension of time to respond to the complaint.

## CONCLUSION

For the reasons discussed above, the United States respectfully requests that the Court extend the time for both of the defendants to respond to plaintiff's complaint to June 22, 2012.

DATED:  April 13, 2012                          BENJAMIN B. WAGNER
                                                United States Attorney

                                          By:  */s/ Lynn Trinka Ernce*
                                                LYNN TRINKA ERNCE
                                                Assistant United States Attorney

## DECLARATION OF LYNN TRINKA ERNCE

I, Lynn Trinka Ernce, declare as follows:

1. I am an Assistant United States Attorney and have been assigned to handle the defense of this litigation. I make this declaration in support of the *ex parte* application for an order extending the time for defendants to respond to plaintiff's complaint. Except for matters stated on information and belief, I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently to these facts.

2. On March 2, 2012, I was assigned to defend this case. That same day, I called plaintiff's attorney, Russell Robinson, to introduce myself and to speak with him about the case. During the call, Mr. Robinson offered to provide copies of all of the state court documents the following week.

3. On March 8, 2012, plaintiff's counsel faxed me a copy of the state court cross-complaint. However, since no other state court case documents were received from plaintiff, I requested in writing copies of the case files for the original lawsuit filed by plaintiff against defendant Negus and also for the lawsuit against the landowner in which the landowner filed a cross-complaint.

4. As of April 13, 2012, I have not received the state court documents I requested from the San Joaquin Superior Court.

5. I also have not received the administrative claim files from the USPS. The USPS agency counsel assigned to this case is on medical leave and is unavailable to assist me at this time. USPS agency counsel's return-to-work date is uncertain at this time. I am informed and believe that USPS agency counsel will be on leave at least through late April/early May.

6. On April 10, 2012, I e-mailed Mr. Robinson to request the courtesy of a 60-day extension. I explained that the extension was necessary the United States needs additional time to investigate the facts and allegations and all of the related actions and issues before it can determine the appropriate response to the complaint. I explained that I had not yet been able to obtain the state court pleadings from the superior court or the settlement agreement between plaintiff and defendant Negus in the original state court action. Additionally, I told Mr. Robinson that the USPS agency counsel assigned to this case is unavailable to assist with the case until at least late April/early May because of medical leave. I told Mr. Robinson that I was requesting 60 days because agency counsel's return-to-work date is unknown.

7. On April 11, 2012, Mr. Robinson responded that he was not authorized to agree to a 60-day extension and he suggested, among other things, that the United States file an answer to preserve its defenses.

8. That same day, I responded to Mr. Robinson that, with agency counsel unavailable, the United States is not in a position to get any response on file by April 23, 2012 in any event. I asked that plaintiff agree to a 45-day extension instead.

Ex Parte Application For Extension Of Time To Respond
To Complaint; Ernce Declaration; Order

6

9. On April 12, 2012, Mr. Robinson told me that plaintiff refused to grant the United States any extension of time to respond to the complaint.

10. In light of plaintiff's refusal to grant the courtesy of any extension to the United States, I told Mr. Robinson on April 12, 2012 that I would seek leave of court for a 60-day extension of time in which to respond to the complaint.

11. I received from Mr. Robinson on April 12, 2012, a copy of the settlement documents from plaintiff's original lawsuit against defendant Negus.  Besides the settlement documents and the cross-complaint, I have not received any other documents from plaintiff to date.

12. A stipulation extending time cannot be reasonably obtained because plaintiff has refused to agree to any extension of time to respond to the complaint.

Executed this 13th day of April, 2012, in Sacramento, California.

I declare under penalty of perjury that the foregoing is true and correct.

                           */s/ Lynn Trinka Ernce*
                           LYNN TRINKA ERNCE

### **ORDER**

Based on the United States' *ex parte* application and accompanying declaration, and good cause appearing therefore,

IT IS HEREBY ORDERED that the application is granted;

IT IS HEREBY FURTHER ORDERED that defendants shall have until June 22, 2012 to respond to plaintiff's complaint.

DATED:  April 20, 2012

                           WILLIAM B. SHUBB
                           UNITED STATES DISTRICT JUDGE

                           for Judge Morrison C. England, Jr.