UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HELM,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | No. 2:11-cv-01703-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Joseph Helm ("Plaintiff") originally initiated this action against the United States Postal Service and its employee, rural mail carrier Jay Negus, alleging claims for negligence and negligent hiring, entrustment, and supervision arising out of a car accident.[1]  ECF No. 1.  The United States later substituted in as the proper party Defendant and successfully moved to dismiss Plaintiff's Second Cause of Action.  ECF Nos. 21, 26.  Presently before the court is the United States' Motion for Summary Judgment (ECF No. 41) as to Plaintiff's remaining claim.  For the following reasons, that Motion is DENIED.[2]

---

[1] For instant purposes, no additional factual background is necessary and therefore none is provided.

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

1

1         The Federal Rules of Civil Procedure[3] provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex, 477 U.S. at 323-24.

     In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

     In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 255 (1986). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45, 1248 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

     The crux of the United States' current motion is that Plaintiff is prohibited from presenting any evidence of damages either in opposition to the instant Motion or at trial, and, as a consequence, his negligence claim fails as a matter of law. See Ileto v. Glock, Inc., 349 F.3d 1191, 1203 (9th Cir. 2003) (The elements of negligence cause of action are: (1) existence of a duty of care; (2) breach of that duty; (3) causation; and (4) damages.). More specifically, the Government contends that, in violation of Rule 26 (a)(1), Plaintiff failed to disclose a computation of each category of damages he seeks or

---

[3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

to disclose the witnesses and documents he may use to support his damages claims. Having failed to make those disclosures, the Government contends that Plaintiff is precluded from offering any damages-related evidence under the self-executing, automatic sanctions of Rule 37(c)(1).  Following this logic, the Government is entitled to judgment because, absent any damages evidence, Plaintiff cannot prevail on his sole remaining claim.

The Government's primary undisputed fact is therefore that Plaintiff never made his damages-related Rule 26 disclosures.  See Def.'s Separate Statement of Undisputed Material Facts, ECF No. 41-2.  However, in opposition, Plaintiff produced evidence that he did, in fact, make both initial and supplemental disclosures.  See Declaration of Rosemary Hernandez, ECF No. 43, ¶¶ 3, 5.  Plaintiff provides minimal explanation as to why he did not re-send those disclosures to the Government again when it became clear that the United States had not received them in the first place, or why, prior to filing his instant Opposition, he never thought to mention that he had at some point provided that information.  However, Plaintiff does argue that he thought the large volume of documents he had produced, coupled with his disclosures, which were never returned, met the Government's needs.  Plaintiff also states very generally that he "thought the issues resolved." Pl.'s Opp. at 4.  Despite the cursory nature of Plaintiff's explanations, his evidence is nonetheless sufficient to create a triable issue of material fact for summary judgment purposes, and the Government's Motion for Summary Judgment (ECF No. 41) is DENIED.

IT IS SO ORDERED.

Dated:  March 19, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT