UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH HELM,

          Plaintiff,

   v.

UNITED STATES OF AMERICA,

          Defendant.

No. 2:11-cv-1703-MCE-EFB

ORDER AND RECOMMENDATION

This case was before the court on June 4, 2014, for hearing defendant's motion for exclusionary sanctions pursuant to Federal Rule of Civil Procedure ("Rule") 37(c)(1), ECF No. 51. Additionally, plaintiff moved to strike defendant's reply brief and sought monetary sanctions. ECF No. 60. Attorney Russell Robinson appeared on behalf of plaintiff; attorney Lynn Ernce appeared on behalf of the defendants. As stated on the record, defendant's Rule 37 motion, and plaintiff's related motions to strike and for sanctions are denied. However, as discussed at the hearing, good cause exists to warrant modification of the court's scheduling order to allow defendant an opportunity to depose three of plaintiff's non-retained expert witnesses.

Defendants argue in their Rule 37 motion that certain treating physicians who have been designated by plaintiff as non-retained expert witnesses should not be permitted to testify at trial because plaintiff failed to provide the disclosures required by Rule 26(a)(2)(B). Rule 26 requires a party to disclose to all other parties the identity of any expert witness that may be used at trial.

1

Fed. R. Civ. P. 26(a)(2)(A). For non-retained expert witnesses, this disclosure must include the subject matter, a summary of the facts, and the opinions to which the witness intends to testify. Fed. R. Civ. P. 26(a)(2)(C). Here, plaintiff's disclosure and amended disclosures, collectively, informed defendants that these doctors are percipient non-retained expert witness who treated plaintiff's injuries. The disclosures identify the area of practice/expertise of the doctors and state that they will testify as to "issues of causation for the injuries," "that the treatment received was both reasonable and necessary," "the need for surgery," "costs associated with the various procedures," "future problems," and "related issues." ECF No. 53 at 2. The disclosure note that two of the doctors will testify as to the treatment for pain "associated with the various procedures and injuries and identifies those two doctors. *Id.*

As discussed in more detail at the hearing, defendant's argument that these disclosures are mere boilerplate and were inadequate to enable counsel to determine which experts to depose lacks merit. The disclosures are not mere boilerplate and, although not in formal technical compliance with the rule, should have been enough to determine whether to proceed with a deposition as to each doctor. Although plaintiff's Rule 26(a)(2)(C) disclosures did not include a full factual summary and a statement of the ultimate opinions to be expressed, the disclosures provided enough information as to the subject matter of the anticipated testimony and the expertise of each treating doctor to prevent unfair surprise at trial. While the disclosures did not formally state the ultimate opinion anticipated from each of these treating physicians, one would not expect the doctors to testify that their treatment was not reasonably necessary. Although there may be some technical non-compliance with Rule 26(a)(2)(C), evidentiary sanctions sought here are unwarranted.

First, the court is mindful of the comments by Advisory Committees regarding the Rule 26(a)(2)(C) that non-retained experts are not being paid and are not likely to be as available as retained medical experts who are paid hourly rates for their time. Fed. R. Civ. P. 26(a)(2)(C) Advisory Committee's Notes (2010). The comment notes that these non-retained experts are not required to submit reports and that the required disclosure under (a)(2)(C) "is considerably less extensive than the report required by Rule 26(a)(2)(B)." *Id.* Thus, the comment cautions,

1  "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have
2  not been specially retained and may not be as responsive to counsel as those who have." *Id.* In
3  particular, the comment cites physicians as "frequent examples." *Id.*

4  Second, to the extent plaintiff's disclosures have not technically complied with the
5  "factual summary" and "opinion" requirements of Rule 26(a)(2)(C), the law of this circuit
6  requires district courts to consider the availability of alternative remedies than precluding
7  evidence or testimony when the court "conducts the harmless inquiry required by Rule 37(c)(1).
8  *See R & R Sails, Inc. v. Insurance Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012)
9  (holding that a district court is required "to consider the availability of lesser sanctions" than
10 evidentiary or termination sanctions and "reaffirm[ing] the existence of that requirement when a
11 district court conducts the harmlessness inquiring required under Rule 37(c)(1)."). Here, any
12 harm caused by plaintiff's failure to fully comply with Rule 26(a)(2)'s disclosure requirements is
13 readily capable of mitigation. The trial date has already been continued for unrelated reasons and
14 there is adequate time for the defendant to depose the doctors in questions. Additionally, when
15 pressed for more details as to the anticipated testimony of the witnesses, plaintiff's counsel
16 provided further elaboration which enabled defense counsel to decide at the hearing that she
17 wanted to take their depositions. Furthermore, plaintiff withdrew the designation as to some of
18 the witnesses, leaving only three in question.[1]

19 At the hearing, the parties agreed that modifying the scheduling order to allow defendant
20 an opportunity to depose plaintiff's remaining non-retained experts would remedy any harm
21 caused by the technical noncompliance with Rule 26(a)(2)(C).

22 For these reasons, defendant's motion for Rule 37(c)(1) sanctions is denied and it is
23 recommended that the court's amended scheduling order be modified to allow plaintiff the
24 opportunity to depose the three non-retained expert witnesses plaintiff intends to call at trial.
25 /////

---

26  [1] Plaintiff's most recent expert disclosure identified five non-retained expert witnesses for
27 trial: Dr. Viess, Dr. Zheng, Dr. Shinaman, Dr. Jones, and Dr. Talwar. ECF No. 55. At the
   hearing, plaintiff's counsel stated that he no longer intends to call Drs. Shinaman and Jones.
28 Accordingly, defense counsel only needs to depose Drs. Viess, Zheng, and Talwar.

Accordingly, it is hereby ORDERED that:

1. Defendant's motion for exclusionary sanctions pursuant to Federal Rule of Civil Procedure ("Rule") 37(c)(1), ECF No. 51, is denied.

2. Plaintiff's motion to strike, ECF No. 60, is denied.

3. Plaintiff's motion for sanctions, ECF No. 60, is denied.

Further, it is hereby RECOMMENDED that:

a. The last day to hear dispositive motions, currently set for August 7, 2014, be continued to November 13, 2014.

b. The December 4, 2014, Final Pretrial Conference be continued to April 2, 2015, at 2:00 p.m. in Courtroom No. 7.

c. The Joint Final Pretrial Statement be due not later than March 12, 2015.

d. Any evidentiary or procedural motion be filed by March 12, 2015. Oppositions be filed by March 19, 2015, and any reply be filed by March 26, 2015.

e. The January 26, 2015 trial be continued to May 4, 2015, at 9:00 a.m. in Courtroom No. 7 and the parties be directed to file trial briefs not later than March 12, 2015.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **two** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 6, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE